Giron v. Garland

BIA
Kolbe, IJ
A216 333 740

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-one.

PRESENT:
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

JESUS EDUARDO GIRON, AKA JESUS
BAUTISTA GIRON, AKA JESUS GIRON
BAULTISTA, AKA PECAS UNKNOWN, AKA
LITTLE BOY UNKNOWN, AKA CHELE UNKNOWN,
*Petitioner,*

v.                                              18-3719
                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Vilia B. Hayes, Dustin P. Smith,
                         Carl W. Mills, Hughes Hubbard &
                         Reed LLP, New York, NY.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Acting
                            Assistant Attorney General; Song
                            Park, Acting Assistant Director;
                            Colin J. Tucker, Trial Attorney,
                            Office of Immigration
                            Litigation, United States
                            Department of Justice,
                            Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Jesus Eduardo Giron, a native and citizen of El Salvador, seeks review of a November 21, 2018 decision of the BIA affirming a June 1, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jesus Eduardo Giron*, No. A216 333 740 (B.I.A. Nov. 21, 2018), *aff'g* No. A216 333 740 (Immig. Ct. N.Y.C. June 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the findings that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*,

2

762 F.3d 191, 195 (2d Cir. 2014).  The issues before us are whether Giron's proposed social group of "witnesses who assisted law enforcement officials against violent gangs" is cognizable and whether he established that the government of El Salvador would acquiesce to his torture.

For withholding of removal, an applicant must show he would "more likely than not" be persecuted "on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 C.F.R. § 1208.16(b)(1), (2); *see also* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A).  To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007).  "To be socially distinct, a group . . . must be perceived as a group by society."  *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240.

As an initial matter, there is no merit to the Government's contention that Giron's social group as defined in his brief ("witnesses who assisted law enforcement

3

officials against violent gangs") differs from his proposed groups before the agency. His counsel defined his social group the same way twice at his hearing before the IJ, and repeatedly stated that the social group was based on *Garcia v. Attorney General*, 665 F.3d 496 (3d Cir. 2011), in which the social group was similarly defined, *see id.* at 504. Although the IJ did not explicitly consider this proposed group, that was not necessarily error because Giron did not testify or present evidence that he had assisted law enforcement. Moreover, the BIA explicitly considered whether that group was cognizable.

We find no error in the BIA's conclusion that Giron's proposed social group is not socially distinct. Although we have recognized that a group consisting of cooperating witnesses can meet the social distinction criteria for a particular social group, *Gashi v. Holder*, 702 F.3d 130, 137 (2d Cir. 2012), Giron's case is distinguishable. In *Gashi*, the group consisting of cooperating witnesses to war crimes was socially distinct to both "potential persecutors and the wider Kosovar society" because the list of potential witnesses was published, people in Gashi's village knew he had spoken to investigators and criticized him for it, and he

4

was attacked twice and threatened. *Id.* In contrast, Giron did not present evidence that he had provided any specific information or assistance to law enforcement privately or publicly. *See Paloka*, 762 F.3d at 196 ("[W]hat matters is whether society as a whole views a group as socially distinct, not the persecutor's perception."); *see also In re C-A-*, 23 I. & N. Dec. 951, 960 (B.I.A. 2006) ("Recognizability or visibility is limited to those informants who are discovered because they appear as witnesses or otherwise come to the attention of cartel members."). Further, Giron's country conditions evidence reflects that witnesses under criminal protection in El Salvador are targeted by gangs, particularly after their identities have been revealed at trials, but it does not otherwise suggest that witnesses are seen as a distinct group given that anyone who defies the gangs for any number of reasons (e.g., extortion, gang membership, sexual advances) is targeted. *See Ucelo-Gomez*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA.").

5

Accordingly, because Giron did not show that his proposed group was socially distinct, the agency did not err in denying withholding of removal as a result.  *See* 8 U.S.C. § 1231(b)(3); *Paloka*, 762 F.3d at 195.

Unlike withholding of removal, CAT relief does not require a nexus to any ground.  *See* 8 C.F.R. § 1208.16(c)(2).  To be eligible for CAT relief, an applicant is required to show that he would "more likely than not" be tortured by or with the acquiescence of government officials.  *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004).  "In terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."  *Id.* at 171.

The agency did not adequately explain its denial of CAT relief.  *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("[W]e require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").  The agency expressed "considerable concern" that Giron would face harm in El Salvador, but nevertheless denied CAT relief because the government had "declared war on the gangs" and

6

taken steps to detain and kill suspected gang members. However, the agency failed to consider and explain the impact of evidence that the Salvadoran government's efforts in the "war on the gangs" had not been successful, such that gang members operate with impunity and security forces commit extrajudicial killings of suspected gang members, both of which pose threats to Giron. *See De La Rosa v. Holder*, 598 F.3d 103, 109–10 (2d Cir. 2010) (remanding for agency to further address government acquiescence when evidence indicated that government was unlikely to be able to stop torture despite aid from some officials).

The 2016 State Department country report provides that impunity persisted in El Salvador despite government efforts to prosecute corrupt officials, that authorities were not able to control gangs in many neighborhoods, and that authorities could not protect freedom of movement due to gang activity. A United Nations report states that corruption and gang infiltration of the police and military lead to high levels of gang impunity while those security forces who target gang members subject them to excessive force and extrajudicial killings. Giron's expert reported that the Salvadoran government's declaration of a war on gangs

7

resulted in increased gang violence.

While the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (citation omitted), the agency has a duty to consider all material evidence in the record, *Yan Chen v. Gonzales*, 417 F.3d 268, 275 (2d Cir. 2005); *see also Poradisova*, 420 F.3d at 77. Given the agency's failure to discuss the country conditions evidence indicating that the Salvadoran government's effort to control gang violence has been unsuccessful and that gangs continue to operate with impunity, we grant the petition as to Giron's CAT claim. *See* 8 C.F.R. § 1208.16(c); *Yan Chen*, 417 F.3d at 275; *Poradisova*, 420 F.3d at 77.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part and the case is REMANDED to the BIA.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8